NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISIDRO ANGEL, ADELAIDE ANGEL, ADRIAN ANGEL, <br><br>    Plaintiffs, <br><br> v. <br><br> TOKYO HIBACHI CUISINE, INC. d/b/a TOKYO HIBACHI ASIAN CUISINE & BUFFET and MENG AI CHEN, <br><br>    Defendants. | Civil Action No. 14-00273 (MCA) (LDW) <br><br><br> **MEMORANDUM OPINION** |

**LEDA DUNN WETTRE, U.S.M.J.**

Before the Court is plaintiffs' motion, pursuant to Fed. R. Civ. P. 15(a)(2), for leave to file an Amended Complaint naming two additional defendants.[1] Defendants oppose the motion. For the reasons set forth herein, the motion is granted.

Plaintiffs commenced this action in January 2014, alleging violations of the Fair Labor Standards Act and the New Jersey State Wage and Hour Law by their alleged former employer, defendant Tokyo Hibachi Cuisine, Inc. ("Tokyo Hibachi"), a Japanese restaurant, and Tokyo Hibachi's manager, defendant Meng Ai Chen. Plaintiffs allege that they were employed by defendants in 2013, and that defendants failed to pay them minimum wage and overtime, as required by law. Defendants filed an Answer on April 8, 2014, generally denying the allegations. (ECF No. 8).

---

[1] Defendants' answering papers also argue that plaintiffs should not be permitted "to certify additional plaintiffs as part of a conditional collective class." (ECF No. 51, at 1). The Court, however, has no application before it for class certification and will not address that issue.

During a mediation session on December 18, 2014, defendants' counsel asserted for the first time that defendant Tokyo Hibachi was no longer the owner of the restaurant at the time plaintiffs were employed there and in fact had been dissolved in February 2013, prior to plaintiffs' employment at the restaurant. On or about January 17, 2015, defendants served responses to plaintiffs' document requests that included a certificate of dissolution of defendant Tokyo Hibachi, purporting to confirm what defendants' counsel had asserted at the mediation session on December 18. On January 22, 2015, plaintiffs' counsel filed a letter with the Court requesting leave to amend the Complaint to add additional defendants whose identities had been disclosed by defendants' recent document production. Defendants oppose the motion, arguing that plaintiffs unduly delayed in seeking to amend the Complaint and that they would be prejudiced by the proposed amendment.

## DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is liberally granted in light of "the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The United States Supreme Court has held that leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. *See id.* at 182. None of the circumstances that warrant denying amendment exists here.

Defendants first contend that plaintiffs unduly have delayed in seeking to name the additional defendants as parties, arguing that restaurant ownership is a matter of public

2

record.  Whether or not that is the case (defendants do not cite to any support for the public nature of such records), the Court finds that plaintiffs reasonably could have expected defendants to assert earlier in the litigation, if it was the case, that Tokyo Hibachi was not a proper defendant because it was not plaintiffs' employer and was in fact defunct prior to their employment at the restaurant at issue.  But defendants' Answer simply "denies knowledge or information" of allegations concerning its status as an entity and its employment of plaintiffs.  (See ECF No. 8 ¶¶ 11-12).  There are no denials or averments in the Answer that reasonably would have put plaintiffs on notice of Tokyo Hibachi's dissolution in February 2013.  It was not until defendants explicitly disclosed Tokyo Hibachi's dissolution at mediation in late December 2014, some eleven months after this action was filed, and then confirmed that assertion by producing a certificate of dissolution in January 2015 that plaintiffs were on notice of the need to amend the Complaint.  Plaintiffs then did so promptly, within just a few days of receiving the dissolution certificate.  Under these circumstances, the Court cannot conclude that plaintiffs unduly delayed in seeking leave to amend the Complaint to name the two additional defendants.

Defendants further argue that they will be unfairly prejudiced by the proposed addition of two new defendants because it may require them to defend against crossclaims that the newly named defendants may assert against them.  The Third Circuit has consistently recognized that "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir.1978)). When evaluating what constitutes prejudice, the Third Circuit considers

3

whether amendment would cause the opponent to expend significant additional resources to conduct discovery and prepare for trial, as well as whether it would significantly delay resolution of the action. *See, e.g., Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001); *see also Marlowe Patent Holdings LLC v. Dice Electronics*, LLC, 293 F.R.D. 688, 695 (D.N.J. 2013).  Here, plaintiffs' motion to amend was made several months before the fact discovery deadline in this action, and the proposed amendment would add no new claims against the current defendants.  The mere possibility that the existing defendants may have to defend against a crossclaim that may or may not be asserted by the new defendants, where there has been no undue delay or other factor that will impair the existing defendants' ability to defend the claim, does not constitute prejudice that would justify denial of leave to amend under the liberal amendment standard set forth in Federal Rule of Civil Procedure 15.

## CONCLUSION

For the foregoing reasons, it is on this 14th day of May 2015, **ORDERED** that Plaintiff's Motion to Amend the Complaint is **GRANTED**.  An appropriate form of Order accompanies this Opinion.

_____
Leda Dunn Wettre, U.S.M.J.

cc:  Hon. Madeline C. Arleo, U.S.D.J.

4